IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | CRIM. NO. JKB-11-0003 |
| MICHAEL FOSTER FELTON, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

On April 25, 2012, a jury found Defendant Michael Felton guilty of conspiracy to distribute and possess with intent to distribute more than one kilogram of heroin and with being a felon in possession of a firearm, respectively Counts 1 and 3 of the Superseding Indictment. (*See* ECF Nos. 708 (superseding indictment), 827 (jury verdict).) On July 26, 2012 Felton was sentenced to 240 months' imprisonment on Count 1 and 120 months' imprisonment on Count 3 to run concurrently for a total of 240 months' imprisonment. (ECF No. 954.) In June 2020, Felton filed a motion to vacate pursuant to 28 U.S.C. § 2255 through the Public Defender's Office, which remains pending because it is predicated on the Supreme Court's decision in *Rehaif* and subsequent caselaw clarifying the scope of that decision. (ECF No. 1452.) Recently, Felton has filed two unrelated correspondences with the Court that this Order is intended to address. (ECF Nos. 1551, 1554.)

In the first, Felton appears to be requesting an annulment of an unspecified relationship that "didn't last a year after marriage." (ECF No. 1551 at 1.) Federal courts generally lack jurisdiction over domestic relations including "matters regarding child custody, paternity, or divorce." *Johnson v. Davis*, Civ. No. ELH-19-0976, 2019 WL 1755407, at *2 (D. Md. Apr. 18,

2019) (collecting cases). As a federal court, this Court therefore does not have jurisdiction to grant Felton an annulment.

Second, Felton has filed a letter seeking a clarification of his sentence. In this correspondence, Felton appears to argue that, because his judgment states that "Count 1 of the Original Indictment is dismissed on motion of the United States," his sentence of 240 months' imprisonment on Count 1 was incorrectly imposed. (*See* ECF No. 1554 at 1 ("In my documents it says Count 1 was dismissed document 939. Which would give me 10 year's [sic].").) The Court construes this correspondence as a request to "correct a clerical error in a judgment, order or other part of the record, or correct an error in the record arising from oversight or omission" pursuant to Federal Rule of Criminal Procedure 36.

So construed, this argument is mistaken, as there are no errors in Felton's Amended Judgment. The document cited in Felton's correspondence (ECF No. 939), is the Judgement, which notes that "Count 1 of the Original Indictment is dismissed on the motion of the United States." (ECF No. 939.)[1] However, Felton was found guilty and sentenced on Counts 1 and 3 of the *Superseding* Indictment. (*See* ECF No. 1554-1 (noting that "Defendant . . . was found guilty on counts 1s & 3s after a plea of not guilty"); *see also* ECF No. 827).)

As the Fourth Circuit has explained, a "superseding indictment and the original indictment can coexist, and 'the government may elect to proceed on any pending indictment, whether it is the most recently returned superseding indictment or a prior indictment." *United States v. Jordan*, 807 F. App'x 201, 202 (4th Cir. 2020) (citation omitted). Thus, the notation in Felton's Judgment is intended to confirm that the Government proceeded only on the conspiracy alleged in the Superseding Indictment, and not the one alleged in the Original Indictment. As Felton was found

---

[1] The Amended Judgment contains the same notation. (*See* ECF No. 954)

guilty and sentenced on Count 1 of the Superseding Indictment, dismissal of the same Count from the Original Indictment does not affect Felton's 240-month sentence.

This is confirmed by the transcript of Felton's sentencing. There, after the Court imposed a 240-month sentence based on the jury's verdict as to Counts 1 and 3 of the Superseding Indictment, the Government orally moved to dismiss the Original Indictment, which the Court granted, stating that to the extent there were "open counts that are open in the Original [Indictment], they will be dismissed." (*See* ECF No. 981 at 6–7.)

Because the Amended Judgment accurately reflects Felton's sentencing proceeding, Felton's Motion (ECF No 1554), construed as one to correct a Clerical Error pursuant to Federal Rule of Criminal Procedure 36, is DENIED.

DATED this  11  day of January, 2022.

BY THE COURT:

James K. Bredar
Chief Judge